**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FELIPE HERNANDEZ GARCIA,

Petitioner,

v.

DAVID MARIN, et al.,

Respondents.

No. 5:26-cv-04403-JAK (CTSx)

**ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. 2)**

On August 3, 2026, Felipe Hernandez Garcia ("Petitioner"), who is detained at the Adelanto Detention Center, filed a Petition for Writ of Habeas Corpus ("Petition" (Dkt. 1)). On the same day, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("Application" (Dkt. 2)). Through the Application, Petitioner seeks immediate release from detention, his restoration to the status quo prior to his detention, an order to show cause as to why a preliminary injunction should not be issued, an order for defendants to refrain from removing Petitioner from the United States or transferring him out of the Central District of California, and appointment of counsel. Dkt. 2 at 3.

Due to the "influx of petitions for writs of habeas corpus filed by persons seeking immigration-related relief . . . and to facilitate their expedited resolution," the Central District of California has issued General Order No. 26-05. It provides for an expedited schedule for briefing the merits of petitions for writs of habeas corpus by persons in immigration detention seeking immigration-related relief. The "standard scheduling order" set by the General Order "is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

Petitioner has not adequately demonstrated "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." In support of the Application, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for what is alleged in the Petition itself, which alleges harm due to the allegedly unlawful detention. As another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO. . . . [A] generalized claim of constitutional deprivation without specific, individualized exigency

(e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." *Wang v. Warden of Desert View Annex Det. Facility*, 26-CV-1595, Dkt. 5 at 2 (C.D. Cal. Apr. 2, 2026).

Others in this District that have applied General Order No. 26-05, have declined to issue ex parte temporary injunctive relief absent a showing of a specific and individualized exigency that is more than the effect of an alleged unlawful detention. *See, e.g.*, *Hoang v. Marin*, No. 26-CV-1700, 2026 WL 1045654, at *1 (C.D. Cal. Apr. 13, 2026) (Birotte, J.); *Santos-Alvarado v. Adm'r, Desert View Facility*, No. 26-CV-2286, 2026 WL 1243360, at *1 (C.D. Cal. May 4, 2026) (Fitzgerald, J.); *Glean v. ICE*, No. 26-CV-1085, 2026 WL 1123458, at *1 (C.D. Cal. Apr. 22, 2026) (Garnett, J.); *Chen v. Mullin*, 26-CV-1684, Dkt. 7, at 1–2 (C.D. Cal. Apr. 8, 2026) (Scarsi, J.); *Mughal v. Warden, Desert View Facility*, No. 26-CV-2028, 2026 WL 1196007, at *1 (C.D. Cal. Apr. 24, 2026) (Slaughter, J.); *Pastrana v. Semaia*, No. 26-CV-3880, 2026 WL 1009690, at *1 (C.D. Cal. Apr. 14, 2026) (Snyder, J.); *Higareda v. Facility Adm'r*, No. 26-CV-2664, 2026 WL 1455412, at *1 (C.D. Cal. May 19, 2026) (Staton, J.). *But see Nguyen v. ICE*, No. 26-CV-2085, 2026 WL 1196086, at *5–6 (C.D. Cal. Apr. 28, 2026) (Judge Kato) (TRO ordered in a case not involving specific and individualized exigency, other than unlawful detention, notwithstanding General Order No. 26-05).

Based on the foregoing analysis, the Application is **DENIED**. Pursuant to General Order Nos. 05-07 and 26-05, the Petition is **REFERRED** to Magistrate Judge Shay for the preparation of a Report and Recommendation.

**IT IS SO ORDERED.**

Dated: August 5, 2026

John A. Kronstadt
United States District Judge

cc: Magistrate Judge Christina T. Shay